# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF GUAM

| UNITED STATES OF AMERICA | ) | USDC Cr. No. 05-00033-001 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | INFORMATION REPORT |
| | ) | |
| DEDE QUINTANILLA DUMANAL | ) | |
| Defendant. | ) | |
| | ) | |

**FILED**
DISTRICT COURT OF GUAM
APR 18 2005
MARY L.M. MORAN
CLERK OF COURT

Re: **Informational Report; No Action Requested**

On April 4, 2005, the defendant made an Initial Appearance before Magistrate Judge Joaquin V. E. Manibusan Jr., pursuant to an Indictment charging her with Distribution of Methamphetamine Hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii); and Distribution of Methamphetamine Hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). She was detained without bail. At a subsequent detention hearing on April 6, 2005, the Court ordered the probation office to investigate the possibility of the defendant's release to home confinement with electronic monitoring. On April 11, 2005, following another detention hearing before Magistrate Judge Joaquin V. E. Manibusan Jr., the defendant was ordered released to home confinement with electronic monitoring. Ms. Dumanal is alleged to have violated the following condition:

**Special Condition:** *The defendant shall participate in a Home Confinement program and abide by all the requirements of the program which will include electronic monitoring or other location verification system. The defendant is further restricted to her residence at all times except for medical needs or treatment, religious services, and Court appearances pre-approved by the Pretrial Services Office or supervising officer.* On April 11, 2005, pursuant to the Court's order that the defendant be released on home confinement, the undersigned probation officer instructed the defendant in the presence of her attorney, Ms. Kim Savo, to go straight home upon release from custody and then call the U.S. Probation Office to have the electronic monitoring equipment set up immediately. The probation officer confirmed with the Department of Corrections that the defendant was released from custody at 4:00 p.m., however, she did not arrive home until 5:35 p.m., which was in direct violation of the home confinement program and the instructions of the probation officer.

Upon questioning, the defendant stated that she stopped by the store on the way home from the Department of Corrections to get something to eat and to purchase cigarettes. The probation officer counseled the defendant on her noncompliant behavior and advised her that her continued noncompliance may result the revocation of her pretrial release, to which she understood.

Informational Report; No Action Requested
Re: DUMANAL, Dede Quintanilla
USDC Cr. Cs. No. 05-00033-001
April 15, 2005
Page 2

**Recommendation:** This report is submitted to the Court for informational purposes only. The probation officer is not requesting any action at this time as the defendant was counseled on her behavior and advised that continued noncompliance may result in further Court action.

Respectfully submitted,

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

By: _____
CARLEEN G. BORJA
U.S. Probation Officer

Reviewed by:

_____
ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

cc: Marivic David, AUSA
 Kim Savo, Assistant Federal Public Defender
 File