LEONARDO M. RAPADAS
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Sirena Plaza Suite 500
108 Hernan Cortez Avenue
Agana, Guam 96910
PHONE: 472-7332
FAX: 472-7334

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
JUL 27 2005
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 05-00033 |
| Plaintiff, | |
| vs. | PLEA AGREEMENT |
| DEDE QUINTANILLA DUMANAL a/k/a CLOTILDE BLAS DUMANAL, | |
| Defendant. | |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, DEDE QUINTANILLA DUMANAL a/k/a CLOTILDE BLAS DUMANAL, enter into the following plea agreement:

1. The defendant agrees to enter a guilty plea to Count I of a Superseding Indictment charging her with distribution of 10 grams net weight of methamphetamine hydrochloride a/k/a "ice" in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii). The government will move to dismiss Counts II and III upon sentencing.

2. The defendant, DEDE QUINTANILLA DUMANAL a/k/a CLOTILDE BLAS DUMANAL, understands that the <u>maximum</u> sentence for distribution of 10 grams net weight of methamphetamine hydrochloride a/k/a "ice" is incarceration for 40 years, a $2,000,000 fine, and a minimum mandatory term of five (5) years of incarceration which may not be stayed or suspended by the court. Any sentence imposed shall include a term of supervised release of at least four (4) years in addition to such terms of imprisonment, as well as a $100.00 special assessment fee. Defendant also understands a sentence of supervised release could be revoked during the term of such supervised release, thereby resulting in additional incarceration of defendant for up to five (5) years. The $100 special assessment fee must be paid immediately upon sentencing. The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of her financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

3. The defendant understands that to establish a violation of distribution of 10 grams net weight of methamphetamine hydrochloride a/k/a "ice," the government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>: defendant knowingly delivered 10 grams net weight of methamphetamine hydrochloride a/k/a "ice"; and

<u>Second</u>: defendant knew that it was 10 grams net weight of ice.

4. The defendant understands that the United States Probation Office will calculate a "sentencing range" within the United States Sentencing Guidelines. The defendant understands the Sentencing Guidelines are advisory, but will be used by the District Court in fashioning the sentence. The defendant also understands that the facts she stipulates to herein will be used by probation, pursuant to § 1B1.2 of the Sentencing Guidelines, in calculating the advisory guidelines level:

a. The defendant was born in 1954, and is a citizen of the United States.

2

b. Beginning April 18, 2003, the defendant agreed to supply 10 grams net weight of methamphetamine hydrochloride a/k/a "ice," at a price of $350 per gram to a male individual, who, unknown to defendant, was cooperating with law enforcement agents. On the evening of May 6, 2003, the defendant obtained 10 grams net weight of ice from her source of supply and knowingly delivered said ice to the cooperating male individual in defendant's residence at 237 Redondo Catan, Dededo, Guam. The defendant received from him the amount of $1,750, which was the cost for five (5) grams of ice, and defendant gave him the other five (5) grams on consignment. A forensic chemist analyzed the controlled substance and determined that it was 10 grams, net weight, of d-methamphetamine hydrochloride of 96% also known as ice.

c. The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by her counsel or any other person, such discrepancy is not a basis to withdraw her guilty plea.

5. In exchange for the government's concessions in this plea agreement, the defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence actually imposed in this case. The defendant understands and agrees that the government has bargained for a criminal conviction arising from her criminal conduct. If at any time defendant's guilty plea or conviction is rejected, withdrawn, vacated or reversed, for whatever reason, or is rendered invalid for any reason, or if any change of law renders the conduct for which she was convicted to be non-criminal, defendant agrees that she will enter a guilty plea to another charge encompassing the same or similar conduct. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

6. The defendant acknowledges that she has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

3

a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

b. Her right to be represented by an attorney;

c. Her right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against her, and the right not to be compelled to incriminate herself, that is, the right not to testify;

d. That if she pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, she waives, that is, gives up, the right to a trial;

e. Because this plea is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant understands that she may not withdraw her guilty plea even if the court does not accept the sentencing recommendation of the government or her counsel;

f. That, upon entry of a plea of guilty, or thereafter, the Court may ask her questions about the offenses to which she has pled, under oath, and that if she answers these questions under oath, on the record, her answers may later be used against her in prosecution for perjury or false statement if an answer is untrue;

g. That she agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

h. That she has read the plea agreement and understands it.

//
//
//
//
//
//
//
//

4

i. The defendant is satisfied with the representation of her lawyer and feels that her lawyer has done everything possible for her defense.

DATED: 7/25/05

DEDE QUINTANILLA DUMANAL
a/k/a CLOTILDE BLAS DUMANAL
Defendant

DATED: 7/25/05

KIM SAVO
Assistant Federal Public Defender
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

DATED: 7/27/05  By:

MARIVIC P. DAVID
Assistant U.S. Attorney

DATED: 7.27.05

RUSSELL C. STODDARD
First Assistant U.S. Attorney

5